

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/2023

Littler Mendelson, P.C.
One Newark Center 8th Floor
Newark, NJ 07102

Ivan R. Novich
973.848.4705 direct
973.848.4700 main
inovich@littler.com

MEMO ENDORSED

March 2, 2023

**VIA ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, NY 10007

**Re:** *Hakimi v. Guidant Global, et al.*
*Civil Action No. 1:22-cv-08765(CM)*

Dear Judge McMahon:

[Handwritten annotation: 3/3/2023 — I need to see the amended complaint first. Discovery is stayed until the pretrial conference, which the parties must attend. It will take place 3/16/2023 @ 11:00 AM. — Colleen McMahon]

This firm represents defendants in the above-referenced action. On February 21, 2023, defendants filed a motion to dismiss the entire complaint with prejudice. (ECF Nos. 25-28). I have since conferred with opposing counsel, who has indicated that she plans to amend the complaint. I request that Your Honor stay discovery, and all pending deadlines in the matter until plaintiff files her Amended Complaint, and Defendants advise whether they consent or oppose the proposed amendment. Further, depending upon what the amended complaint says, it will impact the scope of discovery. Plaintiff does not consent to the stay.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court has discretion to stay discovery for "good cause," including protection from "undue burden or expense." Fed. R. Civ. P. 26(c)(1); *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277, at 2 *(S.D.N.Y. March 7, 1996) (collecting cases)*. In determining whether to grant a stay of discovery, a court must look to the particular circumstances and posture of each case. *In re WRT Energy Secs. Litig.*, No. 96 Civ. 3610, 1996 WL 580930, at 1 (S.D.N.Y. Oct.9, 1996) (Keenan, J.); *see Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at 1 (S.D.N.Y. Sept.25, 1992). Three factors are considered by the Court in determining whether there is good cause to stay discovery pending the resolution of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiff's claims lack merit; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice of the party opposing the stay. *Guiffre v. Maxwell*, 15 Civ. 7433 (RWS) (S.D.N.Y. Jan. 19, 2016). This Court may also take into consideration the nature and complexity of the action and the posture or stage of the litigation. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at 2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991))

Defendants submit that all three factors weigh in favor of staying discovery.

March 2, 2023
Honorable Colleen McMahon
Page 2

First, a stay of discovery is warranted given the strength of Defendants' Motions to Dismiss. While the mere filing of a dispositive motion does not itself warrant a stay, courts regularly stay discovery pending the disposition of a motion to dismiss where, as here, defendants present substantial arguments in favor of dismissal. *See Giminez*, 2012 U.S. Dist. LEXIS 96168, at 6 (good cause to stay discovery existed where substantial reasons for dismissal were presented); *Thomas v. New York City Dep't of Educ.*, No. 09-cv-5167 (SLT)(RLM), 2010 U.S. Dist. LEXIS 95798, at 8 (E.D.NY. Sept. 14, 2010) (stay warranted upon a showing that at least some of plaintiffs' claims lack merit).

Here, as demonstrated in Defendants' Motions to Dismiss the Complaint in this case, Defendants have raised significant legal deficiencies in the Complaint. In the motion to dismiss, Defendants assert that the Complaint fails to state a claim because: (1) Plaintiff failed to allege that Defendants requested her tax returns for the purpose of determining her salary history and conceded that the documents were supplied for the lawful purpose of conducting a background check; and (2) no retaliation or wrongful termination occurred, as Plaintiff's failure to submit complete onboarding documents was the cause of cancellation with respect to her prospective employment contract. Plaintiff's remaining claims fail as well because they are all tied to her first claim for Wrongful Request for Documents Containing Salary History, which she fails to support through her allegations. Similarly, applicable case law is clear that the claims against Karen Schleuder and Impellam NA Support Services must be dismissed.

Second, a stay of discovery is proper in order to preserve the time and resources of both the Court and the parties. Upon considering a stay of discovery during the pendency of a motion to dismiss, courts are rightfully mindful of the burden and substantial expense of discovery. *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572 (VSB), at 5-6 (S.D.N.Y. May 10, 2021) ("because the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case, [I] find that proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant."); *Red Tree Investments, LLC v. Petroleos De Venezuela, S.A.*, No. 19-CV-2519 (AJN), 2020 WL 209290, at 1 (S.D.N.Y. Jan. 14, 2020) (*quoting New York v. Blank, 1991* WL 208883, at 11 (N.D.N.Y. Oct. 10, 1991)) ("In determining whether a stay is appropriate, the Court must consider whether the 'interests of efficient judicial administration and comprehensive disposition of litigation' is better served through an order to stay the proceedings.") Applying these principles to our matter, a stay of discovery is warranted.

Going forward, discovery would require a substantial search for electronically stored information, several depositions, and follow-up requests for documents. Proceeding with such discovery during the pendency of Defendants' Motions to Dismiss would serve only to unnecessarily drain the parties' resources, especially where the decisions on Defendants' motions may have a significant impact on the scope of discovery. As follows, this Court should stay discovery and spare the parties and this Court the expense and burden of the discovery process–

March 2, 2023
Honorable Colleen McMahon
Page 3

where, as here, the cost of potentially burdensome discovery would be obviated by the Defendants' Motions to Dismiss. *See Spencer Trask Software and Info. Servs., LLC v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"); *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("Therefore, because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery, defendant's request for a stay of discovery is GRANTED, until resolution of the motion to dismiss.")

Finally, Plaintiff cannot reasonably claim any prejudice induced by a stay of discovery here. In considering whether to stay discovery, courts generally find no prejudice where an action is still in its early stages and discovery has not yet commenced. To justify the issuance of a stay of discovery, the court in *Giminez* reasoned that "because the actions are in their infancy [and] [n]o discovery has taken place…there is little prejudice to plaintiffs in staying discovery." *Giminez v. Law Offices of Hoffman & Hoffman,* Nos. 12-cv-0669 (JFB) (ETB), 12-cv-2844 (JFB) (ETB), 2012 U.S. Dist. LEXIS 96168, at *4 (E.D.N.Y. July 11, 2012). Like *Giminez*, no discovery has been conducted in this case to date and there is no plausible reason why Plaintiff would be prejudiced should discovery be postponed at this early juncture.

Accordingly, and in light of the foregoing, Defendants respectfully request that Your Honor stay discovery in this case pending the outcome of Defendants' Motions to Dismiss.

Respectfully Submitted,

*/s/ Ivan R. Novich*

Ivan R. Novich

CC via ECF:
  pgrosswald@hotmail.com
  Paul S. Grosswald Esq.

  wilson@kaywilsonlaw.com
  L. Kay Wilson Esq.

  sara.hakimi@outlook.com
  Sara Hakimi, Plaintiff *pro se*

4857-4440-9426.5 / 088494-1038